**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES E. BROWN,

      Petitioner-Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility; and
PHIL KLINE, Kansas Attorney
General,

      Respondents-Appellees.

No. 07-3001
(D.C. No. 06-CV-3046-MLB)
(D. Kansas)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

On September 6, 1996, Petitioner Charles E. Brown was convicted of first

degree murder by a Kansas state trial court and was sentenced to life in prison.

At trial, the State produced evidence that Mr. Brown killed his victim, Michael

Gerhard, and that, with the assistance of an employee, Shawn Cordray, Mr.

Brown burned Mr. Gerhard's body at a salvage yard owned by Mr. Brown. Mr.

Gerhard's body was never found, but substantial circumstantial evidence tied Mr.

Brown to the murder, including testimony by more than one witness that Mr.

Brown admitted to killing Mr. Gerhard. Mr. Brown's defense at trial sought

(unsuccessfully) to suggest that Shawn Cordray killed Mr. Gerhard. After trial,

Mr. Brown appealed his conviction and sentence, and he completed a full round of collateral review in the state courts.

More recently, Mr. Brown filed a petition for habeas corpus in the district court under 28 U.S.C. § 2254, raising a raft of claims: (1) bias by the trial judge; (2) violation of his right to a speedy trial; (3) refusal of the trial court to give Mr. Brown a transcript of his preliminary hearing instead of a tape; (4) admission of bone and teeth fragments without foundation; (5) ineffective assistance by his post-trial counsel; (6) ineffective assistance by his trial counsel; (7) violation of his rights under the Sixth Amendment by failing to give him a full and fair hearing on state collateral review; (8) insufficiency of evidence; and (9) unconstitutionality of the state first-degree murder statute.

Applying the deferential standards set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows a federal court to grant habeas relief only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), the district court, in a detailed 47-page opinion, addressed each claim and either denied the claim on its merits or found it to be procedurally defaulted. Mr. Brown filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), which was denied by the district court. Mr. Brown then applied for a certificate of appealability ("COA") in the district court, which did not act on the application

within 30 days of Mr. Brown filing a notice of appeal. Under our rules, we therefore deem that application denied. 10th Cir. R. 22.1(C).

In his application for a COA in this Court, Mr. Brown essentially reiterates the arguments he made to the district court, rarely addressing, let alone seeking to respond to, the district court's disposition of his claims. Mr. Brown also complains of the district court's failure to hold an evidentiary hearing on his petition. *See* Notice of Appeal ¶¶ 5, 6, 8. Having reviewed each of Mr. Brown's claims with care, we deny Mr. Brown's application for a COA for substantially the same reasons stated by the district court in its thorough Memorandum and Order denying habeas relief. We find that Mr. Brown has failed to make a "substantial showing of the denial of a constitutional right" because the district court's order of dismissal is not reasonably debatable. 28 U.S.C. § 2253(c); *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006).

Additionally, we deny Mr. Brown's request that his case be remanded to the district court for an evidentiary hearing.[1] In his application for a COA to this

---

[1] Though we consider his request on its merits, we note that it is not clear that Mr. Brown properly preserved this argument by making a request for a hearing before the district court in the first instance. In Mr. Brown's reply to the State's response to his petition (which Mr. Brown styled a "Travers"), he stated that his ineffective assistance of counsel "[i]ssues are such that they require no hearing." D.Ct. Docket No. 19 at 9. In response to the State's argument that no evidentiary hearing was necessary, Mr. Brown responded only that "Petitioner states [here] that if the Court does not hold an evidentiary hearing, then if it reads the EXHIBIT and MEMORANDUM [OF] LAW and other filings submitted by petitioner it should be [able] to rule on most of the issues raised by him.

(continued...)

Court, Mr. Brown argues that the district court erred in declining to grant him an evidentiary hearing because "the [appellant] has consistently asserted that he was unable to prese[n]t [] evidence of trial counsel's inadequate investigation" at the state evidentiary hearing. Appellant/Petitioner's Opening Br. at 25. He further argues that the State "expressly never considered the merits of [his] claims," and that "[u]nder these circumstances [the] appellant cannot be faulted for [f]ailing to develop his evidence in state post conviction proceedings." *Id.*

By statute, if a petitioner "has failed to develop the factual basis of a claim in State court proceedings," the district court shall not hold an evidentiary hearing unless the petitioner meets two requirements: (i) the claim is based on either a new rule of constitutional law, made retroactive to habeas cases, or on a factual predicate that could not previously have been discovered with due diligence, and (ii) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). If a prisoner has *not* failed to develop the facts of his claim because of lack of diligence, however, the strictures of § 2254(e)(2) are inapplicable, *Williams v. Taylor*, 529 U.S. 420, 430, 432 (2000), and a petitioner is "entitled to

---

[1](...continued)
However, some would not be fully considered." *Id.* at 12. Mr. Brown never apprised the district court which claims he believed would "not be fully considered" without a hearing, nor did he offer any reasons to support his assertion on this score.

an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (internal quotation omitted). Reading his brief liberally, Mr. Brown appears to be arguing that the requirements of § 2254(e)(2) do not apply to him – *viz.*, that he cannot be faulted for failing to develop his claims at the state level. We need not decide that question, however; for the reasons fully explained in the district court's analysis, we are unpersuaded that Mr. Brown's allegations, even if taken as true, entitle him to habeas relief. *See Snow v. Sirmons*, 474 F.3d 693, 719 n.29 (10th Cir. 2007).

*       *       *

We deny Mr. Brown's application for a COA and dismiss the appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge