**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAOUL MORENO,

    Defendant-Appellant.

No. 09-4064

(D.C. Nos. 08-CV-00861-DAK and
06-CR-00384-DAK-2)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

Raoul Moreno, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion. Moreno also requests to proceed in forma pauperis ("IFP"). We deny the COA and the request to proceed IFP.

I

A jury convicted Raoul Moreno of distributing five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

U.S.C. § 924(c)(1)(A). On May 10, 2007, the district court sentenced Moreno to 120 months' imprisonment followed by 60 months' supervised release. Moreno appealed, arguing that the district court erred in instructing the jury. On March 28, 2008, we affirmed the district court.

On November 7, 2008, Moreno, appearing pro se, filed a 28 U.S.C. § 2255 motion. The motion alleged two grounds for relief: (1) ineffective assistance of counsel for not objecting "to the fact the government failed to present sufficient evidence at trial [that Moreno] used a firearm"; and (2) ineffective assistance of counsel for not objecting "to the fact the that the government never presented any narcotic[s] at trial, and [because counsel] used coercion in order to prevent [Moreno] from testifying on his own behalf, denying [Moreno] a fair trial." R. Vol. I, Doc. 1 at 5.

On February 5, 2009, the district court denied Moreno's § 2255 motion. Moreno filed a timely notice of appeal and a request for a COA.

II

The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make this showing, Moreno must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

2

manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

In his application for a COA and his present briefing, Moreno argues that his counsel provided ineffective assistance by: (1) failing to move to suppress the firearm; (2) "failing to object to the insufficient evidence to support the conviction for carrying a firearm"; (3) by "not preserving [Moreno's] Sixth Amendment rights to be found guilty beyond a reasonable doubt of each element of the crime . . . "; and (4) "failing to object to the imposition of a five year consecutive sentence [based on Moreno's conviction under 18 U.S.C. § 924(c)(1)(A)]." COA Application at 2. Because Moreno proceeds pro se, we construe his pleadings liberally. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

For Moreno to merit a COA based on the alleged ineffectiveness of his counsel, he must make a substantial showing that his counsel was ineffective. To ultimately establish ineffective assistance of counsel, Moreno must show both that his counsel's performance was deficient, and that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Our review of counsel's performance is "highly deferential," and "we indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

3

that, under the circumstances, the challenged action might be considered sound trial strategy." United States v. Taylor, 454 F.3d 1075, 1079 (10th Cir. 2006) (quotation omitted).

All of Moreno's arguments assume that: (1) his counsel was ineffective in failing to prevent the admission of evidence related to the firearm conviction; and (2) there was insufficient evidence to support his firearm conviction. Both assumptions are unwarranted.

First, Moreno's argument that counsel should have moved to suppress the firearm is factually incorrect. The firearm was not admitted into evidence. R. Vol. I, Doc. 7 at 2 ("[T]he gun was not recovered by the police and was not introduced into evidence.").

Second, Moreno's argument that counsel failed to object to the sufficiency of the evidence related to the firearm is incomplete. Moreno provides no basis upon which his counsel could have objected to the admission of the evidence. According to trial testimony, a law enforcement officer saw Moreno retrieve what appeared to be a firearm from his pocket and replace it before the drug transaction. During the drug transaction, the law enforcement officer saw the outline of the firearm in Moreno's pocket. After the drug transaction, the law enforcement officer heard the sound of a safety being engaged on a firearm. Our review of this evidence supports the conclusion that a reasonable jury, viewing the evidence in the light most favorable to the government, could have found

4

Moreno guilty of carrying a firearm during and in relation to a drug trafficking crime beyond a reasonable doubt. See United States v. Garza, 566 F.3d 1194, 1202 (10th Cir. 2009) (applying this standard to review the sufficiency of the evidence for a conviction under 18 U.S.C. § 924(c)(1)(A)).

Our review of the record reveals no basis for an objection by Moreno's counsel to the admission of the officer's observations. Without further clarification, Moreno cannot overcome the strong presumption that his counsel was pursuing a sound trial strategy. Because the evidence supporting Moreno's conviction was sufficient, Moreno's counsel was not ineffective when he failed to challenge the sufficiency of the evidence. Similarly, because the evidence related to the firearm was sufficient to support the firearm conviction, Moreno's rights under the Sixth Amendment were not violated. Lastly, because there was sufficient evidence to convict Moreno under 18 U.S.C. § 924(c)(1)(A), it is unclear what basis Moreno's counsel would have had to object to the imposition of the sentence under this statute.

After reviewing Moreno's application for a COA, his present briefing, and the record on appeal, we agree with the district court and conclude that no reasonable jurist could conclude that Moreno made a substantial showing of a violation of his constitutional rights. We conclude that he has failed to establish his entitlement to a COA. Because we deny Moreno's COA, we also deny his motion to proceed IFP.

Moreno's request for a COA is DENIED, and this matter is DISMISSED.

Moreno's motion to proceed IFP is DENIED.

ENTERED FOR THE COURT

Mary Beck Briscoe
Circuit Judge