FILED
United States Court of Appeals
Tenth Circuit

February 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEBRA WILLIAMS, a/k/a Margaret
McCarthy,

      Petitioner-Appellant,

v.

ARI ZAVARAS, in his official
capacity as Executive Director,
Colorado Department of Corrections
State Penitentiary, and
JOHN SUTHERS, in his official
capacity as Colorado Attorney
General,

      Respondents-Appellees.

No. 09-1518
(D.C. No. 07-CV-02276-WYD)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

While serving a prison term in New York, Debra Williams was indicted in

Colorado state court for various crimes. Pursuant to the Interstate Agreement on

Detainers, Ms. Williams was transferred to Colorado to be tried on those charges.

After a jury trial, Ms. Williams stood convicted of theft, forgery, computer crime,

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and violation of the Colorado Organized Crime Control Act, for which she was sentenced to twenty-four years' imprisonment and ordered to pay $50,428.80 in restitution.

On appeal, the Colorado Court of Appeals affirmed Ms. Williams's conviction and the Colorado Supreme Court denied her petition for a writ of *certiorari*. Ms. Williams then exhausted her post-conviction opportunities for relief in state court, and timely filed a *pro se* motion, pursuant to 28 U.S.C. § 2254, seeking federal post-conviction relief in the U.S. District Court for the District of Colorado. In a thorough 22-page order assessing each of her claims, the district court eventually concluded that Ms. Williams's motion lacked merit and dismissed it with prejudice. It is this most recent decision Ms. Williams now seeks to appeal to this court.

Because Ms. Williams is in custody pursuant to the judgment of a state court, she may not appeal the federal district court's denial of post-conviction relief without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Where, as here, the district court addressed the merits of the petitioner's claims, we may not issue a COA unless the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reading her application solicitously, as we must for a *pro se* litigant, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we conclude that Ms. Williams has failed to make such a showing.

Ms. Williams argues that she is entitled to relief for four reasons:  (1) the grand jury that indicted her was unconstitutionally selected and impaneled; (2) the state violated her speedy trial rights and the Interstate Agreement on Detainers; (3) her trial counsel provided ineffective assistance; and (4) her appellate counsel provided ineffective assistance.

In support of her first claim, Ms. Williams argues that the state violated her Sixth Amendment right to a grand jury drawn from a fair cross-section of the community, and violated her Fourteenth Amendment rights by purposefully discriminating against African Americans when choosing her grand jury.  As the district court observed, however, Ms. Williams has adduced no evidence to support these bare contentions.  We are, thus, in a situation where Ms. Williams has not met her burden of making a substantial showing of the denial of a constitutional right.[1]

In support of her second claim, Ms. Williams argues that her prosecution proceeded in violation of the Interstate Agreement on Detainers.  The problem is that this is a *statutory* argument, and we may issue a COA only when the

---

[1]  Ms. Williams replies that her failure to provide evidence in support of her arguments is a product, and should be excused because, of state record-keeping practices; according to her, Colorado does not keep records of the races of prospective or serving grand jurors.  As the district court noted, however, the Colorado Court of Appeals rejected this argument on the ground that Ms. Williams "did not even request the names and addresses of the prospective grand jurors, a necessary first step to any inquiry into the racial composition of the grand jury venire."  R. Vol. II, at 301.  Ms. Williams supplies no reason or argument to suggest this statement is incorrect.

applicant "has made a substantial showing of the denial of a *constitutional* right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) ( "[A] COA cannot issue when the habeas petitioner has shown the denial of only a statutory right."). To the extent Ms. Williams's argument might be construed as a constitutional one suggesting a violation of the Sixth Amendment's speedy trial guarantee, there is no evidence to support it. The only delays in Ms. Williams's trial occurred as a result of her counsel's three continuance requests, and any "delays caused by defense counsel are properly attributed to the defendant." *Vermont v. Brillon*, 129 S. Ct. 1283, 1293 (2009).

And as to her third and fourth claims, alleging ineffective assistance of counsel, Ms. Williams fails to identify any way in which her attorneys' alleged deficiencies prejudiced her. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must show both that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* at 687. Ms. Williams has alleged various errors committed by her trial and appellate counsel, but she has not identified how any of these errors affected the outcome of her trial or appeal.

Because Ms. Williams has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the application for a COA is denied and this appeal is dismissed. Because Ms. Williams has failed to

demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), we also deny her motion for leave to proceed *in forma pauperis*. Finally, because she submitted extensive briefing with her application for a COA, we deny Ms. Williams's motion for additional time in which to file additional briefing.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge