FILED
United States Court of Appeals
Tenth Circuit

January 10, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TIMOTHY TURNER,

       Petitioner-Appellant,

v.

JUSTIN JONES, Director,

       Respondent-Appellee.

No. 10-5117
(D.C. No. 4:07-CV-00327-TCK-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

An Oklahoma jury convicted Timothy Turner of second degree burglary, eluding an officer, resisting an officer, and unauthorized use of a motor vehicle, resulting in a total prison sentence of 37 years. The Oklahoma Court of Criminal Appeals upheld Mr. Turner's conviction and sentence and, later, affirmed the trial court's denial of collateral relief.

Unsuccessful in state court, Mr. Turner filed a federal collateral challenge to his conviction under 28 U.S.C. § 2254. After considering his pleadings, the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court refused to provide relief to Mr. Turner and also denied a certificate of appealability ("COA"). Now before this court, Mr. Turner renews his request for a COA in order to appeal the district court's dismissal of his § 2254 petition.

We may issue such a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citation omitted). When a district court has dismissed a habeas petition on procedural grounds, a COA will issue only when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In conducting our assessment under this standard, we construe Mr. Turner's pleadings and papers liberally, cognizant of his *pro se* status.

Before us, Mr. Turner identifies four issues that, he believes, merit a COA: the ineffective assistance of his state trial counsel; the ineffective assistance of his state appellate counsel; the violation of Oklahoma state sentencing laws; and the legal invalidity of his decision to withdraw his guilty plea. In a careful opinion spanning over 18 pages, the district court rejected Mr. Turner's

arguments on each of these issues (and on many other issues), doing so either on their merits or as procedurally barred. After conducting our independent review, we conclude no reasonable jurist could doubt the correctness of the district court's dispositions on the claims before us and, for substantially the same reasons given by the district court, we deny Mr. Turner's application for a COA and dismiss this appeal.

                              ENTERED FOR THE COURT


                              Neil M. Gorsuch
                              Circuit Judge