**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTHA ANN SHARP,

      Petitioner-Appellant,

v.

BILL RITTER, Governor of Colorado;
NOBLE WALLACE, Warden DWCF,

      Respondents-Appellees.

No. 11-1058
(D.C. No. 1:07-CV-00107-REB-BNB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO, EBEL,** and **GORSUCH,** Circuit Judges.


      Martha Ann Sharp is a prisoner of the Colorado Department of Corrections.
Back in 2007, she filed a habeas corpus petition under 28 U.S.C. § 2241
contesting certain details of her parole eligibility. But while that petition was
pending she absconded from custody, and the district court denied her habeas
petition shortly thereafter.

      Now serving time on an escape conviction, Ms. Sharp filed a motion under
Fed. R. Civ. P. Rule 60(b) purportedly seeking to revisit the denial of her 2007

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas petition. However, rather than challenging the district court's prior judgment, the motion advanced grievances wholly distinct from those contained in her 2007 petition. Noting as much, the district court denied Ms. Sharp's motion and suggested that these complaints should be brought in a new habeas petition. Instead, Ms. Sharp filed this appeal, and now seeks a certificate of appealability ("COA") to challenge the district court's disposition of her Rule 60(b) motion.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citation omitted). Because Ms. Sharp proceeds in this court pro se, we review her pleadings with special solicitude.

We see nothing to suggest any impropriety in the district court's ruling. Ms. Sharp did not (and still does not) advance any argument why she should be relieved from the district court's prior judgment. Rather, she asserts new complaints having to do with the calculation of her parole eligibility in view of her latest conviction, as well as allegations of various civil rights violations. A Rule 60(b) motion, of course, is not the proper vehicle for launching fresh and

unrelated claims for relief.  As the district court rightly concluded, Ms. Sharp's new grievances must be brought, if at all, in a new habeas petition.

Ms. Sharp's application for COA and her motion to proceed *in forma pauperis* are denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge