**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

THOMAS GUY CARAWAY,

    Defendant-Appellant.

No. 10-3296
(D.C. Nos. 5:09-CV-04141-RDR and
5:06-CR-40138-RDR-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Thomas Caraway was convicted by a jury for using the mail to deliver an explosive device with intent to kill or injure and for possessing a destructive device in furtherance of a crime of violence. For these federal crimes, the district court sentenced him to prison for thirty years. After this court affirmed his sentence on direct appeal, *see United States v. Caraway*, 534 F.3d 1290 (10th Cir. 2008), Mr. Caraway brought a 28 U.S.C. § 2255 motion to vacate his sentence. The district court dismissed this motion, concluding that his ineffective assistance

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of counsel claim lacked merit. Mr. Caraway now seeks from us a certificate of appealability ("COA") in order to challenge the district court's denial of his motion.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citation omitted). Because Mr. Caraway proceeds in this court *pro se*, we review his pleadings with special solicitude.

Before us, Mr. Caraway alleges the same twenty instances of ineffective assistance of counsel that he raised before the district court. In its thorough opinion, however, the district court applied *Strickland v. Washington*, 466 U.S. 668 (1984), and rejected each of Mr. Caraway's arguments. And, after reviewing the record, we conclude no reasonable jurist could doubt the correctness of the district court's disposition of these claims. Accordingly, and for substantially the

same reasons given by the district court, we deny Mr. Caraway's application for a COA and dismiss his appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge