**UNITED STATES COURT OF APPEALS**

**May 20, 2011**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JANICE LYNN RATLIFF,

      Defendant-Appellant.

No. 11-7018
(D.C. Nos. 6:10-CV-00374-JHP and
6:08-CR-00035-JHP-1)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL,** and **GORSUCH**, Circuit Judges.

Janice Ratliff pleaded guilty to bank fraud, 18 U.S.C. § 1344, and was

sentenced to sixty months in prison. Ms. Ratliff first sought to challenge her

sentence on direct appeal but lost. *See United States v. Ratliff*, 376 F. App'x 830

(10th Cir. 2010) (per curiam). Then she filed a motion under 28 U.S.C. § 2255

alleging that her sentence should be vacated because it was the product of

constitutionally deficient work by her lawyer. Ultimately, however, the district

court concluded that Ms. Ratliff's ineffective assistance claims lacked merit. Ms.

Ratliff now seeks from us a certificate of appealability ("COA") to challenge the

_____

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's disposition. She argues that, but for counsel's allegedly deficient conduct, she would have received a downward adjustment to her sentence.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citation omitted). Because Ms. Ratliff proceeds in this court *pro se*, we review her pleadings with special solicitude.

We do not, however, believe a COA is warranted in this case. In a lengthy opinion the district court applied *Strickland v. Washington*, 466 U.S. 668 (1984), to Ms. Ratliff's claims and concluded, among other things, that she had failed to show either deficient performance by her attorney or prejudice resulting from her attorney's performance. It is this court's view that no reasonable jurist could doubt the correctness of the district court's analysis of and rulings on those issues. The application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge