**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RANDY LOYD GRAY, SR.,

　　　　　Appellant - Petitioner,

v.

JIM FARRIS, Warden, Lexington
Correctional Center,

　　　　　Appellee - Respondent.

No. 13-7070
(D.C. No. 6:10-CV-00358-JHP-KEW)
(E.D. Okla.)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

　　　　Petitioner and Appellant, Randy Loyd Gray, Sr., seeks a certificate of

appealability ("COA") in order to appeal the denial of his petition for habeas

corpus relief under 28 U.S.C. § 2254.  After concluding that Mr. Gray has not

established entitlement to the issuance of a COA, we deny him a COA and

dismiss this matter.

---

　　　　[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Following a jury trial, Mr. Gray was found guilty of six counts relating to sex crimes involving a juvenile: Count 1 – Oral Sodomy, in violation of Okla. Stat. tit. 21, § 886; Count 2 – Lewd or Indecent Proposals to a Child under 16, in violation of Okla. Stat. tit. 21, § 1123(A)(1); Count 3 – Lewd Display of Pornography to a Child under 16, in violation of Okla. Stat. tit. 21, § 1021; Count 4 – 1st Degree Rape by Instrumentation, in violation of Okla. Stat. tit. 21, § 1114; Count 5 – Lewd Display of Pornography to a Child under 16, in violation of Okla. Stat. tit. 21, § 1021; and Count 6 – Lewd Molestation, in violation of Okla. Stat. tit. 21, § 1123. Mr. Gray was sentenced to twenty years on Counts 1 and 6; thirty years on Count 4; five years on Count 2; ten years on Count 3, and fifteen years on Count 5. Counts 1, 4 and 6 were ordered to run consecutive to each other, and Counts 2, 3 and 5 were ordered to run concurrent with Count 4.

On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") summarily affirmed the judgment and sentence. Gray v. State, No. F-2008-168 (Okla. Crim. App. July 1, 2009). Among other issues, Mr. Gray raised to the OCCA the same issues he raises in the instant habeas proceeding. He did not pursue any state collateral actions.

On September 29, 2010, Mr. Gray commenced the instant habeas proceeding. He argued a single issue (ineffective assistance of counsel) with three separate subparts. He argued, first, that his trial counsel was ineffective

because he labored under a conflict of interest while representing him (Mr. Gray); second, that his counsel failed to contact or interview certain witnesses who had information which could have been used to impeach prosecution witnesses and cast doubt on the state's allegations; and third, that his counsel failed to prepare for and present impeachment evidence during the cross-examination of the principal prosecution witness (the victim). The district court addressed the merits of these issues, applying the deferential review standard of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The court rejected Mr. Gray's arguments and denied him relief. The court then denied Mr. Gray a COA. This request for a COA followed.

## DISCUSSION

We grant a COA only if an applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." United States v. Taylor, 454 F.3d 1075, 1078 (10th Cir. 2006).

Furthermore, as the district court concluded, our review of this case is governed by AEDPA. Under AEDPA, "when a state court has reviewed a claim on its merits, federal habeas relief may be granted only if the state court's

-3-

decision (1) was contrary to or involved an unreasonable application of 'clearly established Federal law,' or (2) was based upon an unreasonable determination of the facts in light of the evidence presented at trial." Howell v. Trammell, 728 F.3d 1202, 1212 (10th Cir. 2013) (quoting 28 U.S.C. § 2254(d)). "'[C]learly established Federal law' is limited to Supreme Court 'holdings, as opposed to the dicta, . . . as of the time of the relevant state-court decision.'" Id. (quoting Carey v. Musladin, 549 U.S. 70, 74 (2006)). Furthermore, "a state court's determination of a factual issue is 'presumed to be correct,' and the petitioner has 'the burden of rebutting the presumption of correctness by clear and convincing evidence.'" Id. at 1212-13 (quoting 28 U.S.C. § 2254(e)(1)).

In short, "'[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.'" Id. at 1213 (quoting Harrington v. Richter, 131 S. Ct. 770, 786 (2011)). Thus, "[f]ederal habeas is 'not a substitute for ordinary error correction through appeal'; it only 'guards against extreme malfunctions in the state criminal justice system.'" Id. (quoting Harrington, 131 S. Ct. at 786).

Finally, we note that, in this particular case, the issue under review is whether Mr. Gray's trial counsel provided effective assistance. To make out an ineffective assistance of counsel claim under the applicable standard provided by Strickland v. Washington, 466 U.S. 668 (1984), Mr. Gray must show both "(1)

that his counsel provided deficient assistance and (2) that there was prejudice as a result." Howell, 728 F.3d at 1223. "To establish deficient performance, [Mr. Gray] must show . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Harrington, 131 S. Ct. at 787 (internal quotation marks omitted). To establish prejudice, Mr. Gray "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.[1]

---

[1]We note that the district court observed that there is an "exception" to Strickland's prejudice requirement under Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). "[W]here counsel is burdened by an actual conflict [of interest], '[n]o further showing of prejudice is necessary.'" United States v. Flood, 713 F.3d 1281, 1286 (10th Cir. 2013) (quoting United States v. Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990) (citing Cuyler, 446 U.S. at 349-50))). "However, 'prejudice is presumed only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance.'" Flood, 713 F.3d at 1285 (quoting Strickland, 466 U.S. at 692). Furthermore, "the Supreme Court has never applied Cuyler's presumption of prejudice outside the context of a multiple representation claim." Id. at 1286 n.1 (citing Mickens v. Taylor, 535 U.S. 162, 174-75 (2002)).

The district court also noted that "the Supreme Court has never considered a scenario where the concurrent representation ends within approximately a week and/or is on substantially unrelated matters." Order at 16; R. Vol. 1 at 56 (citing Mosier v. Murphy, 790 F.2d 62, 65-66 (10th Cir. 1986)). Since this case does not involve the typical scenario of multiple concurrent representation, where the Supreme Court has suggested there may be an exception to the prejudice requirement of Strickland, the district court found, correctly in our view, that it "was not 'an unreasonable application of clearly established Federal law'" for the [OCCA] to apply Strickland." Order at 17; R. Vol. 1 at 57 (quoting 28 U.S.C. § 2254(d)(1)).

"Surmounting Strickland's high bar is never an easy task." Id. at 788; see also Howell, 728 F.3d at 1223. "Even under de novo review, the standard for judging counsel's representation is a most deferential one." Id. "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and internal quotation marks omitted). Accordingly, because the OCCA resolved Mr. Gray's ineffective assistance of counsel claim on its merits, "'our review of the [OCCA's] decision is . . . doubly deferential.'" Heard v. Addison, 728 F.3d 1170, 1178 (10th Cir. 2013) (quoting Cullen v. Pinholster, 131 S. Ct. 1288, 1403 (2011)).

The district court in this case applied the AEDPA standard to the OCCA's determination that Mr. Gray's counsel did not provide ineffective assistance. We agree with the district court's analysis and discussion. We accordingly find that Mr. Gray has not established entitlement to a COA in order to appeal that discussion, for substantially the reasons stated by the district court.

**CONCLUSION**

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge