FILED
United States Court of Appeals
Tenth Circuit

April 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARQUISE LELAND WHITE,

Petitioner - Appellant,

v.

ROBERT PATTON, Director,

Respondent - Appellee.

No. 14-5113
(D.C. No. 4:11-CV-00291-GKF-TLW)
(N.D. Okla.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Marquise Leland White, through counsel, requests a certificate of appealability

(COA) to appeal from the district court's denial of his 28 U.S.C. § 2254 application

for a writ of habeas corpus. We deny a COA and dismiss the proceeding.

A jury found Mr. White guilty of first degree murder, kidnapping, and first

degree robbery. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his

convictions and sentences. Mr. White then pursued relief under § 2254, raising five

claims: (1) officers used force and duress to obtain a false confession from him, and

admitting this confession deprived him of a fundamentally fair trial; (2) excluding

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

expert testimony about false confessions denied him the ability to present a meaningful defense; (3) excluding testimony that his brother, Waitki Crawford, had confessed to their uncle that he committed the murder denied him the ability to impeach Mr. Crawford's testimony and to present exculpatory evidence, violating his right to a fundamentally fair trial; (4) admitting a prior consistent statement by his cousin, Jhirimi McClendon, bolstered Mr. McClendon's testimony, violating his right to a fundamentally fair trial; and (5) the cumulative effect of the four errors deprived Mr. White of a fundamentally fair trial. The district court denied relief on each claim and denied a COA.

To appeal, Mr. White must obtain a COA, *see* 28 U.S.C. § 2253(c)(1)(A), which requires him to make "a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2).

> This means that the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

*United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006). Because the OCCA considered Mr. White's claims on the merits, § 2254(d) precludes federal habeas relief unless the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in

the light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "Thus, the decision whether to grant [the] COA request rests on whether reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong in light of the deference owed to the OCCA's adjudication of [the] claims." *Howell v. Trammell*, 728 F.3d 1202, 1225 (10th Cir. 2013) (internal quotation marks omitted); *see also Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("[Section 2254(d)'s] deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA.").

Before this court, Mr. White abandons his cumulative-error argument and focuses on his first four issues. But he almost entirely ignores the restrictions of § 2254(d). The district court carefully and thoroughly explained why the OCCA's decision was not contrary to or an unreasonable application of Supreme Court precedent. Having reviewed the COA application and Mr. White's appendix, we conclude that Mr. White has not shown that the district court's resolution of his claims was debatable or wrong.

We therefore deny Mr. White a COA for substantially the reasons stated in the district court's decision filed on August 26, 2014. This matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -