**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CALVIN LEE STRONG,

    Petitioner - Appellant,

v.

JAMES HEIMGARTNER,

    Respondent - Appellee.

No. 20-3044
(D.C. No. 5:16-CV-03101-SAC)
(D. Kansas)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Petitioner Calvin Strong, a prisoner in Kansas state custody proceeding pro se,[1] seeks a Certificate of Appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We deny Mr. Strong's request for a COA and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As Mr. Strong is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

# I.     BACKGROUND

In February of 1982, a jury convicted Mr. Strong of rape in the District Court of Shawnee County, Kansas. In April of 1983, the Kansas Supreme Court affirmed his conviction, and the clerk issued the mandate on May 25, 1983. *See State v. Strong*, No. 54, 746 (Kan. Apr. 29, 1983) (unpublished). Mr. Strong then filed a document entitled "Motion to Dismiss" in the state district court on June 20, 1983, seeking release from custody based on an alleged violation of his speedy trial rights. Mr. Strong subsequently filed a document entitled "Motion for Supplemental Exhibit" on July 5, 1983, raising six alleged trial errors for post-conviction review. These motions remain pending in the state district court. *See Strong v. Hrabe*, 750 F. App'x 731, 736 (10th Cir. 2018) (unpublished).

In 2016, Mr. Strong filed a § 2254 petition for a writ of habeas corpus in federal district court, raising two grounds for relief. First, Mr. Strong alleged his "rights under the Due Process Clause of the [Fourteenth] Amendment of [the] U.S. Constitution were violated when [the state district court] failed to process and rule on his [June 20, 1983] petition for relief." ROA, Vol. I at 11. Second, Mr. Strong alleged, "The trial court lacked subject matter jurisdiction to enter judgment against [him] pursuant to [Kansas's speedy trial statute], voiding the conviction." ROA, Vol. I at 12.

On October 19, 2016, the district court dismissed Mr. Strong's petition as time-barred. Mr. Strong appealed. We granted a COA and reversed. *Strong*, 750 F. App'x at 736. We reasoned that Mr. Strong's § 2254 petition was timely because his Motion to Dismiss, a properly filed motion for post-conviction relief that remains pending in the

2

state district court, tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Strong*, 750 F. App'x at 736 ("Respondent has not presented any persuasive reason as to why [Mr. Strong's June 20, 1983] motion would not be considered a 'properly filed' motion for post-conviction relief under Kansas law.").

On remand, the district court denied Mr. Strong's § 2254 petition and a COA in a decision dated February 19, 2020. *Strong v. Heimgartner*, No. 16-3101-SAC, 2020 WL 816040 (D. Kan. Feb. 19, 2020) (unpublished). The district court concluded that neither of Mr. Strong's two grounds for relief provided a valid basis for federal habeas corpus relief. *Id.* at *3–5. The court explained that Mr. Strong's first ground for relief does not challenge the validity of the judgment upon which he is incarcerated, and his second ground for relief "is based entirely on state law." *See id.*; *see also* 28 U.S.C. § 2254(a) (directing federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*" (emphasis added)). The district court also concluded that Mr. Strong's second ground for relief was procedurally defaulted. *Id.* at *4–5.

Mr. Strong timely filed a Notice of Appeal. He subsequently filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), and we abated this matter pending the district court's disposition of the motion. On April 8, 2020,

3

the district court denied the motion, *Strong v. Heimgartner*, No. 16-3101-SAC, 2020 WL 1700354 (D. Kan. Apr. 8, 2020) (unpublished), and we lifted the abatement. Mr. Strong did not file an amended notice of appeal or a new notice of appeal seeking review of the denial of his Motion to Alter or Amend Judgment. Consequently, the scope of this matter is limited to the district court's February 19, 2020, decision. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

## II. ANALYSIS

Absent a COA, we are without jurisdiction to review a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." This requires the petitioner to "show[ ] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Mr. Strong seeks a COA on the two grounds for relief he raised in his petition below: (1) that the state district court violated Mr. Strong's due process rights by failing to rule on his June 20, 1983, petition for relief, and (2) that the trial court lacked subject matter jurisdiction to enter judgment against him by violating Kansas's speedy trial statute. We review each ground in turn.[2]

---

[2] Mr. Strong's request for a COA also includes an actual innocence claim. It is unclear if he raises this as an independent basis for habeas relief, or if he only included it

4

### A. *Due Process Claim*

Mr. Strong's due process claim challenges the state district court's failure to rule on his June 20, 1983, petition for relief, a petition that we previously concluded should "be considered a 'properly filed' motion for post-conviction relief under Kansas law." *Strong*, 750 F. App'x at 736. But "no constitutional provision requires a state to grant post-conviction review." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). And, "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." *Id.* Thus, we deny Mr. Strong's request for a COA on his first claim because he has made no "showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[A] delay in post-conviction proceedings does not give rise to an independent due process claim that would justify granting a defendant habeas relief.").

### B. *Kansas Speedy Trial Claim*

Mr. Strong's second claim challenges the state trial court's subject matter jurisdiction based on an alleged violation of Kansas's speedy trial statute. We can issue a COA only if Mr. Strong "has made a substantial showing of the denial of a *constitutional*

---

to challenge the district court's finding of procedural default. To the extent Mr. Strong's request for a COA raises this and other independent grounds for habeas relief that were not presented in his petition to the district court, "we adhere to our general rule against considering issues for the first time on appeal." *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

right." 28 U.S.C. § 2253(c)(2) (emphasis added). "[A] COA cannot issue when the habeas petitioner has shown the denial of only a statutory right." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006). Mr. Strong alleges only a violation of a Kansas statute as the basis for his second claim. His § 2254 petition does not raise a Sixth Amendment speedy trial claim. Thus, we deny Mr. Strong's request for a COA on his second claim because he has made no "showing of the denial of a *constitutional* right." 28 U.S.C. § 2253(c)(2) (emphasis added).[3]

## III.    CONCLUSION

For the reasons stated, we **DENY** Mr. Strong's request for a COA and **DISMISS** the matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[3] Because Mr. Strong's second claim does not meet the threshold requirement for a COA—raising the denial of a constitutional right—we do not reach the district court's procedural default ruling.

6