FILED
United States Court of Appeals
Tenth Circuit

**January 26, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RALPH WRIGHT,

        Petitioner-Appellant,

v.

WARDEN ARELLANO, A.V.C.F.,
C.D.O.C.; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents-Appellees.

No. 10-1511
(D.C. No. 1:08-CV-02253-CMA)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Ralph Wright, a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

     After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Wright is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Mr. Wright has also filed a motion to proceed *in forma pauperis* on appeal. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Wright's application for a COA and dismiss his appeal. We also deny his motion to proceed *in forma pauperis*.

## BACKGROUND

In 1999, Mr. Wright was convicted by a Colorado state court jury of one count of distributing a controlled substance. In a subsequent proceeding, he was adjudicated a habitual offender based on four previous offenses. Prior to sentencing, and in response to a request by Mr. Wright's sentencing counsel, the trial court ordered a competency evaluation; the evaluation concluded that Mr. Wright was competent to proceed to sentencing. The court subsequently sentenced him to ninety-six years' imprisonment. On direct appeal, the Colorado Court of Appeals affirmed Mr. Wright's conviction and sentence. *See People v. Wright*, No. 02CA805, 2003 WL 22922450 (Colo. App. Dec. 11, 2003). The Colorado Supreme Court denied his petition for certiorari. *See Wright v. People*, No. 04SC54, 2004 WL 1965759 (Colo. Sept. 7, 2004).

In 2005, Mr. Wright filed a post-conviction motion under Colorado Rule of Criminal Procedure 35(c), challenging his conviction and sentence on multiple grounds—including a claim that he was not competent to stand trial due to his use of antipsychotic medication—which the state district court summarily denied.

2

The Colorado Court of Appeals affirmed the denial on appeal, holding, *inter alia*, that "the trial court did not abuse its discretion by failing to hold a competency hearing based on defendant's use of antipsychotic medication." *People v. Wright*, No. 05CA0407, at 8 (Colo. App. July 18, 2007) (unpublished order). The Colorado Supreme Court denied certiorari review. *See Wright v. People*, No. 07SC933, 2008 WL 171063 (Colo. Jan. 22, 2008).

In April 2009, Mr. Wright filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. The application asserted three claims: (1) that his Sixth Amendment right to a jury trial was violated because the state trial court "did not allow the jury to hear [his] pleadings of incompetency during . . . trial"; (2) that he received ineffective assistance of counsel because his trial attorney failed to seek a competency hearing during the trial phase of the proceedings; and (3) that his due process rights were violated because he was "mentally incompetent during [his] trial" but the trial court failed to *sua sponte* hold a competency hearing. R. at 241–50 (Second Amended Application for Writ of Habeas Corpus, filed Apr. 9, 2009). Mr. Wright's third claim (i.e., his due process claim) was based primarily on statements that he made to the state trial judge during his *Curtis* advisement.[2]

---

[2]     In *People v. Curtis*, the Colorado Supreme Court held that a defendant's waiver of his constitutional right to testify must be "voluntary, knowing and intentional." 681 P.2d 504, 514 (Colo. 1984). Under *Curtis*, if a defendant wishes to waive his right to testify, a trial court must—on the record

(continued...)

3

Specifically, during that advisement, in response to the trial court's inquiry as to whether he had any questions regarding his right to testify, Mr. Wright stated:

> I really don't even know. At the point I'm at, I don't know right from wrong anymore. I've been sitting in this trial; I don't know what's going on, really, Your Honor. I really don't know. I don't know if I should testify or not. I haven't discussed it. I just really don't know what point in time this is, Your Honor. What I'm saying is to expedite the time, we can just go on and move forward with this, so—[w]ithout me testifying, I guess. And just whatever y'all have to do, do it, you know.

Trial Tr., 1999-4-15AM, at 344–45 (dated Apr. 15, 2009). After Mr. Wright made these statements, the trial judge asked him some additional questions and gave him the opportunity to confer with his attorney, after which Mr. Wright waived his right to testify.

In a June 2009 order, the district court dismissed claims one and two of Mr. Wright's habeas application on the ground that he had failed to exhaust these claims at the state level, and therefore they were procedurally barred. Subsequently, in a very thorough order issued in September 2010, the district court denied Mr. Wright's habeas application, holding that he had failed to demonstrate that he was entitled to relief on his remaining due process claim. *Wright v. Arellano*, No. 08-CV-02253-CMA, 2010 WL 3894139, at *7–10 (D. Colo. Sept. 30, 2010). In denying Mr. Wright's application, the district court

---

[2](...continued)
and out of the presence of the jury—advise the defendant of his rights and obtain a waiver of the right to testify. *Id.* at 514–15.

analyzed his competency claim both procedurally and substantively.

As to Mr. Wright's procedural competency claim, the district court concluded that "he ha[d] failed to 'establish that a reasonable judge should have had a *bona fide* doubt as to his competence at the time of trial.'" *Id.* at *9 (quoting *Gilbert v. Mullin*, 302 F.3d 1166, 1180 (10th Cir. 2002)). The district court likewise concluded that his substantive competency claim lacked merit. Accordingly, the court held that Mr. Wright was "not entitled to habeas relief" because the state court adjudication "did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *Id.* The district court also refused to grant a COA because Mr. Wright "ha[d] not made a substantial showing of the denial of a constitutional right." *Id.* at *10.

## STANDARD OF REVIEW

A COA is a jurisdictional prerequisite to this court's review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); *accord Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA only if the applicant "makes a 'substantial showing of the denial of a constitutional right.'" *Clark*, 468 F.3d at 713 (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, "the applicant must show 'that reasonable jurists could debate whether (or, for that matter, agree that) the

5

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Put differently, "the applicant must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Id.* (quoting *Slack*, 529 U.S. at 484). Our "inquiry does not require full consideration of the factual or legal bases adduced in support of the claims," but rather "an overview of the claims" and "a general assessment of their merits." *Miller-El*, 537 U.S. at 336.

Because the Colorado Court of Appeals decided Mr. Wright's claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies, and we must incorporate the Act's "deferential treatment of state court decisions . . . into our consideration of [Mr. Wright's] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, Mr. Wright is entitled to federal habeas relief only if he can show that the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2); *accord Phillips v. Workman*, 604 F.3d 1202, 1209

6

(10th Cir. 2010). When making our determination, "[w]e presume the factual findings of the state court are correct unless the petitioner rebuts that presumption by 'clear and convincing evidence.'" *Welch v. Workman*, 607 F.3d 674, 684 (10th Cir. 2010) (quoting 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

Before this court, Mr. Wright seeks a COA on his "procedural competency claim" that his "[d]ue [p]rocess rights were violated because the trial court failed to [*sua sponte*] hold a competency hearing" during trial. Aplt. Combined Opening Br. and Application for COA at 2–3.[3] He argues that his statements of confusion during his *Curtis* advisement created a doubt as to his competency to stand trial, which in turn triggered the trial court's duty to conduct a competency hearing before proceeding further. In support of his argument, Mr. Wright cites *Miranda v. Arizona*, 348 U.S. 436 (1996), for the proposition that his statements of confusion "invoked" his due process rights and triggered the court's duty to stop the hearing immediately to evaluate his competency. *See* Aplt. Combined Opening Br. and Application for COA at 3 ("Once his rights have been asserted [through his statements during the *Curtis* advisement,] the proceedings should have stopped to evaluate the Appellant's competency at that time. The same

---

[3] In other words, even though the district court evaluated Mr. Wright's due process claim procedurally *and* substantively, as well as in terms of the trial phase *and* the sentencing phase, Mr. Wright only seeks a COA on the issue of whether the trial court *procedurally* erred by failing to hold a competency hearing during the *trial* phase.

7

principle would apply as if he was invoking his *Miranda* rights or any other right.").

Under Supreme Court case law, "[i]t is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992) (citing *Drope v. Missouri*, 420 U.S. 162 (1975); *Pate v. Robinson*, 383 U.S. 375 (1966)). In fact, "the right not to stand trial while incompetent is sufficiently important to merit protection even if the defendant has failed to make a timely request for a competency determination." *Cooper v. Oklahoma*, 517 U.S. 348, 354 n.4 (1996).

In terms of procedural due process, the Supreme Court has "held that the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope*, 420 U.S. at 172 (citing *Pate*, 383 U.S. 375). Although the Supreme Court has not "prescribe[d] a general standard with respect to the nature or quantum of evidence necessary to require resort to an adequate procedure," *id.*, it has held that a hearing is required where the evidence before the trial judge raises a "bona fide doubt" as to a defendant's competence. *Pate*, 383 U.S. at 385 ("Where the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial, the judge on his own motion must impanel a jury and conduct a sanity hearing pursuant to [the Illinois competency statute at

8

issue].”).  *See also Porter v. McKaskle*, 466 U.S. 984, 985–86 (1984) (Marshall, J., dissenting) (“It is settled that, if evidence available to a trial judge raises a bona fide doubt regarding a defendant’s ability to understand and participate in the proceedings against him, the judge has an obligation to order an examination to assess his competency, even if the defendant does not request such an exam.” (citing *Drope* and *Pate*); *Drope*, 420 U.S. at 172–73 (stating that the *Pate* Court “noted that under the Illinois statute a hearing was required where the evidence raised a ‘bona fide doubt’ as to a defendant’s competence”); *United States v. Newman*, 733 F.2d 1395, 1400 (10th Cir. 1984) (“A trial court must order a hearing to determine the defendant’s competency if information comes to the trial court’s attention that raises a bona fide doubt about the defendant’s competency to stand trial.” (citing *Pate*, 383 U.S. at 385)).  The Supreme Court—providing some guidance on the issue—has indicated that

> evidence of a defendant’s irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but that even one of these factors standing alone may, in some circumstances, be sufficient.  There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated.

*Drope*, 420 U.S. at 180.

Regarding Mr. Wright’s competency to stand trial, the Colorado Court of Appeals held that “the trial court did not abuse its discretion by failing to hold a

9

competency hearing." *Wright*, No. 05CA0407, at 8. In reviewing the state appellate court's decision, the federal district court concluded that, "[a]lthough the record here demonstrates that Applicant indicated some confusion to the trial court regarding the proceedings and his right to testify, . . . this isolated incident is not sufficient to 'establish that a reasonable judge should have had a *bona fide* doubt as to [Mr. Wright's] competence at the time of trial.'" *Wright*, 2010 WL 3894139, at *8 (quoting *Gilbert*, 302 F.3d at 1180). Accordingly, the district court denied Mr. Wright's § 2254 application, holding that the state court's refusal to conduct a competency hearing "did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *Id.* at *9. We agree. In particular, we are not aware of any relevant Supreme Court precedent that would suggest that a contrary outcome is appropriate, and Mr. Wright has not identified any such precedent.

Mr. Wright's sole argument before this court—based on *Miranda v. Arizona*—is unavailing. As stated above, Mr. Wright argues that his statements during the *Curtis* advisement "invoked" his due process rights, thereby triggering the district court's duty to "stop[] [the trial] to evaluate the Appellant's competency at that time." Aplt. Combined Opening Br. and Application for COA at 3. He claims that the district court's failure to conduct a hearing in this case

constitutes a "well established due process violation" under *Miranda*. *Id.* Contrary to Mr. Wright's suggestion, however, the Supreme Court has not extended its holding in *Miranda* to apply, in any sense, to a trial court's failure or refusal to conduct a competency hearing. Thus, the principle of federal law that Mr. Wright advances is not "clearly established" federal law with regard to his due process challenge. *See* 28 U.S.C. § 2254(d)(1). As we have explained:

> [C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008) (alteration in original). "The absence of clearly established federal law is dispositive under § 2254(d)(1)." *Id.* at 1018. Accordingly, Mr. Wright has not "show[n] that the district court's resolution of [his] constitutional claim was either 'debatable or wrong.'" *Taylor*, 454 F.3d at 1078 (quoting *Slack*, 529 U.S. at 484).

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Wright's application for a COA and **DISMISS** his appeal. We also **DENY** his motion to proceed *in forma pauperis*, as he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole*

11

*Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge