FILED
United States Court of Appeals
Tenth Circuit

May 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL SANTANA CRAWFORD,

Petitioner-Appellant,

v.

MICHAEL ADDISON, Warden,

Respondent-Appellee.

No. 12-5215

(N.D. of Okla.)

(D.C. No. 4:09-CV-00236-JHP-FHM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Michael Santana Crawford, an Oklahoma state prisoner, requests a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A) to appeal the district court's denial of federal habeas relief under 28 U.S.C. § 2254. We construe Crawford's filings liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny his request and dismiss the appeal.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Two patrol cars tried to stop a suspicious vehicle at a Flying J Truck Stop in Tulsa, Oklahoma. Instead of stopping, the car sped away, ultimately running a red light, traversing into the wrong side of the road, and crashing into a pickup truck. A man, later identified as Crawford, then exited the driver's side of the car and fled the scene on foot. The officers gave chase and subdued him. Crawford's passenger, Rebecca Camp, died from injuries sustained in the accident.

At an Oklahoma state trial in 2006, a jury convicted Crawford of second-degree murder in commission of a felony, eluding an officer, leaving the scene of a personal injury accident, and driving under suspension. The jury recommended a life sentence plus thirty-six years for all four counts. The trial judge sentenced Crawford to life plus twenty-six years, with one year (for driving under suspension) to run concurrently with the rest.

Crawford retained new counsel and appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed his conviction and sentence. Then, proceeding *pro se*, Crawford filed an application for post-conviction relief in the state district court. The state district court denied the application, and Crawford appealed to the OCCA, which affirmed the denial.

On April 17, 2009, Crawford filed his federal petition for habeas corpus relief. He raised twelve grounds for error, all of which he also had raised in state court. The district court denied habeas relief. In a twenty-three-page opinion, it

concluded that no ground justified relief under 28 U.S.C. § 2254(d).  The district court also denied Crawford's request for a COA.

Crawford now asks us to grant a COA.  We decline to do so for the following reasons.

## II.  Analysis

We grant a COA only if an applicant makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  An applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation marks omitted).

Crawford re-raises the same twelve grounds for relief that he raised in the district court.  Additionally, in the opening portions of his brief, he suggests the officers who testified against him had a "pecuniary interest" to do so, Pet'r's Br. at 5, though Crawford cites no evidence in support, nor does he explain how they had money to gain from testifying against him.  Although we construe his *pro se* filings liberally, we do not "assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.  Thus, even if we could construe his pleadings to raise a possible thirteenth ground for relief, we decline to scour the record for factual support, and we proceed to review each of Crawford's twelve other grounds.

On Ground 1, Crawford says the trial court erred by admitting his hospital-bed-side confession that he was the driver. He argues that he was "in custody" when questioned at the hospital, and he claims that, in any event, his confession was coerced. But no reasonable jurist could debate whether the district court should have granted relief on this ground, because on this record, even if it were error to admit the confession, Crawford would not be entitled to federal habeas relief. As the district court summarized below for the parties, the record contains sufficient evidence—even without Crawford's confession—for a jury to conclude beyond a reasonable doubt that Crawford was the driver. And whether Crawford was the driver (as opposed to merely a passenger) was the only relevant dispute at trial. Therefore, this ground for relief cannot succeed.

On Grounds 2, 3, 5, and 11, Crawford disputes how the state court applied state law. But "it is *not* the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties *of the United States*." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (emphasis added). No reasonable jurist could debate the district court's refusal to review these grounds for federal habeas relief.

On Ground 4, Crawford raises an ineffective-assistance-of-counsel (IAC) claim. He says his trial counsel erred by failing to raise Crawford's competency to stand trial. To succeed on this claim, Crawford "must demonstrate that it was

necessarily unreasonable for the [OCCA] to conclude: (1) that he had not overcome the strong presumption of competence; and (2) that he had failed to undermine confidence in the jury's [verdict] . . . ." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). In his brief, Crawford presents several quotations from doctors saying he hallucinates. He also notes the testimony at trial that, when he was questioned by a police officer after the crash, he was at times hallucinating. But he cites no evidence that he was acting this way at trial or that he was otherwise unable to assist his counsel during the trial. His evidence is insufficient to satisfy either prong of his IAC claim, especially in light of federal habeas's "'doubly deferential'" review. *Id.* The district court's denial of relief on this ground is not debatable.

On Grounds 6 and 7, Crawford complains he was denied a fair trial by prosecutorial misconduct. "Habeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998). As with Ground 1, the evidence of Crawford's guilt was overwhelming. We also note that none of the purported misconduct appears particularly egregious. In fact, as the district court pointed out, several allegations do not appear to be misconduct at all. Certainly, in light of the evidence, none was "so egregious as to render the trial fundamentally unfair." Accordingly, we cannot say that a reasonable jurist would debate the denial of relief for Grounds 6 and 7.

Ground 8 is an IAC claim for trial counsel's failure to object to the alleged prosecutorial misconduct. But because Crawford's trial was not rendered fundamentally unfair by the prosecutor's behavior, Crawford cannot show, as he must, that his counsel's failure to object would have led to a different verdict. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding that, to prevail on an IAC claim, a petitioner must show that the outcome of their trial would have been different but for their counsel's error). So the district court's denial of relief for Ground 8 cannot be debated, either.

On Ground 9, Crawford argues the trial court erred when it refused to provide the jury with an instruction on the meaning of "reasonable doubt." But "so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, . . . the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (citation omitted). And Crawford does not dispute that the trial court did in fact instruct the jury to find guilt beyond a reasonable doubt. This ground for relief cannot succeed.

On Ground 12, Crawford complains he was denied a fair trial when the trial court refused to issue a lesser included offense instruction on negligent homicide. But "[o]ur precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). As a

result, Crawford cannot raise a debatable claim that he is entitled to habeas relief on this ground, either.

Finally, on Ground 10, Crawford claims that the cumulative effect of the alleged errors entitles him to a sentence reduction. But none of the alleged errors, aside from admitting his confession, calls into question the evidence showing Crawford drove the vehicle that killed Rebecca Camp, which, as we explained above, was sufficient for the jury to find Crawford guilty beyond a reasonable doubt even without his confession.

To the extent Crawford also requests a reduction in his sentence, no reasonable jurist could debate the district court's decision to deny the request. "We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Because Crawford had been previously convicted of more than two felonies, he was subject to as much as life in prison for two of his convictions. *See* Okla. Stat. tit. 21, § 51.1(B), (C). Thus, his effective sentence of life plus twenty-five years is within the statutory range, and we will not disturb it.

## III.  Conclusion

Accordingly, we DENY Crawford's application for a COA and DISMISS the appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge