**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDREW POLLY,

Defendant-Appellant.

No.13-6026
(D.C. Nos. 5:12-CV-00441-HE and
5:06-CR-00245-HE-1)
(W.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Andrew Polly, a federal prisoner, requests a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(B) to appeal the district court's denial of relief under 28 U.S.C. § 2255. He also requests to proceed *in forma pauperis* (IFP) on appeal. We construe Polly's filings liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny his request for a COA, deny his request to proceed IFP, and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Polly pleaded guilty to three counts of possessing crack cocaine and cocaine powder with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 327 months' imprisonment. Polly appealed, raising four issues, including whether the district court erred in denying his motion to suppress and whether his attorneys rendered ineffective assistance at his suppression hearing. We affirmed the conviction and sentence, including the denial of the suppression motion, and we dismissed without prejudice Polly's ineffective-assistance-of-counsel (IAC) claim so he could re-raise it on collateral review. *United States v. Polly*, 630 F.3d 991 (10th Cir. 2011). Polly then petitioned the district court for habeas relief under 28 U.S.C. § 2255. The district court denied the petition and denied a COA. *United States v. Polly*, No. CIV-12-0441-HE, 2012 WL 6155965 (W.D. Okla. Dec. 11, 2012). Polly now requests a COA from this court, claiming the district court erred in denying relief on his IAC claim.

We grant a COA only if an applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation marks omitted).

To make out an IAC claim, Polly must show both (1) that his counsel provided deficient assistance and (2) that there was prejudice as a result. *See, e.g.*, *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011). To establish prejudice, Polly "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks omitted).

The district court denied relief on Polly's IAC claim because, according to the court, Polly failed to establish the second prong, *i.e.*, that he was prejudiced by the alleged deficient representation.[1] After our own review, we agree that the district court's decision is not open to reasonable debate.

Polly first claims that, had counsel adequately investigated his alleged traffic violations (crossing the centerline and speeding), counsel would have learned that Polly in fact did not violate the traffic laws and therefore could have shown that the initial traffic stop was not justified. But, as we noted on Polly's direct appeal, "[a] traffic stop is justified at its inception if an officer has . . . probable cause to believe *a* traffic violation has occurred . . . ." *Polly*, 630 F.3d at 997 (internal quotation marks omitted; emphasis added). Thus, the officer need only show probable cause for at least one traffic violation, and here, Polly has

---

[1] Because the district court found that Polly's claim failed on the second prong, it did not address the first prong. Polly suggests the court erred by not reviewing the first prong, but Polly is incorrect. *See Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005) ("[We] need not address both [prongs] if [petitioner] fails to make a sufficient showing of one." (internal quotation marks omitted)).

already conceded the crossing-the-centerline violation. On direct appeal, he admitted "making a left turn [before] chang[ing] his mind and proceed[ing]" down the road. *Id.* And as we explained then, Oklahoma traffic laws permit "cross[ing] the centerline when making a left turn," *not* "cross[ing] the centerline in the process of an aborted left turn and com[ing] back over the centerline." *Id.* (citing Okla. Stat. tit. 11, § 301(C)). Therefore, even if Polly's counsel had proved that Polly was not speeding, the initial stop was still justified, so Polly cannot show that the result would have been different.

Polly next claims that, had counsel reviewed the police officer's "radio log," counsel would have learned that Polly's consent to search his person was coerced. Aplt. Br. at 3(q). But even if Polly had not given consent to search, the district court hearing the motion to suppress still found that "'a limited pat down for weapons was reasonable incident to the *Terry* stop.'" *Polly*, 2012 WL 6155965, at *2 (quoting Order (Dec. 27, 2006) at 7). Indeed, on direct appeal, we noted that at least one of the officers at the traffic stop knew Polly had "some history of violence"—a fact Polly does not dispute. *Polly*, 630 F.3d at 996 n.2. Therefore, Polly cannot show that, but for counsel's error, the pat down would have been declared unconstitutional; even if not consensual (or even if consent was coerced), the pat down was justified under *Terry v. Ohio*, 392 U.S. 1 (1968). *See id.* at 27 ("The officer need not be absolutely certain that the individual is

armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.").[2]

Lastly, Polly claims that, had counsel interviewed witnesses to the stop and presented their testimony at the suppression hearing, counsel could have shown that the pat down exceeded the scope of *Terry*. But Polly does not offer evidence of what the witnesses would say. Instead, he argues that, because an officer said the search was consensual rather than part of a *Terry* stop, *Terry* cannot justify the search. But regardless of what the officer called it, as we showed above, the search was justified by *Terry*, so even if Polly's counsel presented the witnesses Polly wanted, Polly has not shown that the result would have been different.

Accordingly, we DENY Polly's application for a COA, we DENY his request to proceed *in forma pauperis*, and we DISMISS the appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[2] Thus, Polly's motion for discovery to show coercion was properly denied, and the district court's omission to address whether the prosecution's witness lied about how many officers were present (going to coercion) or whether Polly was speeding (going to initial stop) was harmless.