FILED
United States Court of Appeals
Tenth Circuit

March 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PRESTON R. DORITY,

       Petitioner - Appellant,

v.

JIM FARRIS, Warden,

       Respondent - Appellee.

No. 14-6000
(D.C. No. 5:13-CV-00335-HE)
(W.D. Oklahoma)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.


       Petitioner and Appellant, Preston R. Dority, seeks a certificate of appealability ("COA") in order to appeal the denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. After concluding that Mr. Dority has not established entitlement to the issuance of a COA, we deny him a COA and dismiss this matter.

---

       [*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Following a jury trial, Mr. Dority was found guilty of Domestic Assault and Battery by Strangulation, in violation of Okla. Stat. tit 21, § 644(I), and he was sentenced to seventeen years' imprisonment. He appealed the conviction and sentence. On February 20, 2013, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction and sentence in Dority v. State, No. F-2011-943 (Okla. Crim. App. Feb. 20, 2013) (unpublished). The claims presented to the OCCA were: (1) the trial court committed reversible error and denied him due process by failing to give his defense counsel's requested jury instruction on a lesser-included misdemeanor offense; (2) the trial court abused its discretion in allowing the prosecution to present evidence of two prior felony convictions that arose out of the same transaction; (3) his counsel was ineffective because (a) he did not request a lesser-included offense instruction in writing, (b) he did not object to the admission into evidence of the two prior convictions, and (c) he (Mr. Dority's counsel) improperly waived Mr. Dority's right to testify in the first stage of the trial; (4) his sentence was excessive; and (5) the cumulative impact of all the trial errors denied Mr. Dority a fair trial. As indicated, the OCCA addressed the merits of each issue and rejected them.

On April 5, 2013, Mr. Dority commenced the instant habeas petition. He argued four of the issues he asserted in his direct appeal, omitting only the challenge to his sentence as excessive. The district court applied the standard of

review provided by the AntiTerrorism and Effective Death Penalty Act (AEDPA), and denied the petition. The court also denied a COA and denied Mr. Dority his request to proceed on appeal *in forma pauperis.* This request for a COA followed.

## DISCUSSION

We grant a COA only if an applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S. § 2253(c)(2). An applicant must show "'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" United States v. Taylor, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Furthermore, as the district court concluded, our review of this case is governed by AEDPA. Under AEDPA, "when a state court has reviewed a claim on its merits, federal habeas relief may be granted only if the state court's decision (1) was contrary to or involved an unreasonable application of 'clearly established Federal law,' or (2) was based upon an unreasonable determination of the facts in light of the evidence presented at trial." Howell v. Trammell, 728 F.3d 1202, 1212 (10th Cir. 2013) (quoting 28 U.S.C. 2254(d)). "'[C]learly established Federal law' is limited to Supreme Court 'holdings, as opposed to the

dicta, . . . as of the time of the relevant state-court decision.'" Id. (quoting Carey v. Musladin, 549 U.S. 70, 74 (2006)).

In short, "'[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.'" Id. at 1213 (quoting Harrington v. Richter, 131 S. Ct. 770, 786 (2100)). Thus, "[f]ederal habeas is 'not a substitute for ordinary error correction through appeal'; it only 'guards against extreme malfunctions in the state criminal justice systems.'" Id. (quoting Harrington, 131 S. Ct. at 786).

Finally, we note that one of the issues under review in this particular case is whether Mr. Dority's counsel provided effective assistance. To make out an ineffective assistance of counsel claim under the applicable standard provided by Strickland v Washington, 466 U.S. 668 (1984), Mr. Dority must show both "(1) that his counsel provided deficient assistance and (2) that there was prejudice as a result." Howell, 728 F.3d at 1223. "To establish deficient performance, [Mr. Dority] must show . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Harrington, 131 S. Ct. at 787 (internal quotation marks omitted). To establish prejudice, Mr. Dority "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

"Surmounting <u>Strickland</u>'s high bar is never an easy task." <u>Id.</u> at 788; <u>see also</u> <u>Howell</u>, 728 F.3d at 1223. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." <u>Harrington</u>, 131 S. Ct. at 788. "Establishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." <u>Id.</u> (citations and internal quotation marks omitted). Accordingly, because the OCCA resolved Mr. Dority's ineffective assistance of counsel claims on their merits, "'our review of the [OCCA's] decision is . . . doubly deferential.'" <u>Heard v. Addison</u>, 728 F.3d 1170, 1178 (10th Cir. 2013) (quoting <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2010)).

The district court in this case applied the AEDPA standard to the OCCA's analysis of the merits of Mr. Dority's claims. Mr. Dority's first claim is that the trial court erred in failing to provide a jury instruction on the lesser-included misdemeanor offense of domestic assault and battery. The OCCA held that the "[t]he proper test for instructions on a lesser included offense is whether *prima facie* evidence of the lesser offense has been presented, . . i.e., evidence which would allow a jury rationally to find the accused guilty of the lesser offense and acquit him of the greater." <u>Dority</u>, slip op. at 2. Applying that test, the OCCA found that the trial court had erred when it denied the requested lesser-included offense instruction on the basis that the request was not in writing. Nonetheless,

the court found that error did not prejudice Mr. Dority (and it therefore denied the claim) because the "evidence does not show that the jury rationally could find [Mr. Dority] guilty of the lesser offense and acquit him of the greater." Id. at 3.

With respect to this first issue, the district court observed that our court "has 'establish[ed] a rule of automatic non-reviewability for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction.'" Report & Recommendation at 6 (quoting Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004)).[1] The district court accordingly held Mr. Dority was not entitled to habeas relief on this ground.[2]

Mr. Dority's second claim before the OCCA was that the trial court had abused its discretion in allowing the prosecution to present evidence of two prior felony convictions that he alleges arose out of the same transaction. The OCCA found that Mr. Dority had not objected to the evidence admitted at trial concerning his prior felony convictions. It accordingly applied a plain error

---

[1]The district court adopted the magistrate judge's Report and Recommendation, and it added its own brief analysis in its Order in which it adopted that Report. We refer to and discuss both the Report and the Order as the combined analysis of the district court.

[2]It is well-established that violations of state law cannot form the basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Burleson v. Saffle, 278 F.3d 1136, 1140-41 (10th Cir. 2002) ("This state law ruling provides no grounds for the granting of habeas relief, and we do not consider it in our habeas analysis.").

analysis and found that Mr. Dority had admitted that he had three valid prior convictions, and that the sentencing range was the same whether he had three or four prior convictions, and so no plain error had occurred.

With respect to this argument, the district court noted that the OCCA's findings that Mr. Dority "admitted both having three valid prior convictions and that the sentencing range was the same whether he had three or four prior convictions are factual findings that are presumed correct, and [Mr. Dority] has not overcome the presumption with clear and convincing evidence." Report at 7 (citing 28 U.S.C. § 2254(e)(1)). The district court further observed, correctly, that the "OCCA's application or misapplication of the state's sentence enhancement statute is a matter of state law that is not cognizable in a habeas proceeding." Report at 8; see Estelle, 502 U.S. at 67-68; Burleson, 278 F.3d at 1140-41. And, finally, the district court concluded that, because Mr. Dority "is arguing that the state court misapplied its own evidentiary rules, habeas relief is only proper 'if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" Order at 4 (quoting Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002)).

Mr. Dority's third claim is that his trial counsel was ineffective in several respects (failure to request the lesser-included instruction in writing; failure to object to the admission of two prior transactionally-related convictions; and the waiver of Mr. Dority's right to testify in first stage of the trial). The OCCA

-7-

applied the Supreme Court's two-part test established in <u>Strickland</u>, and determined that it had previously concluded that Mr. Dority had "suffered no prejudice either from the denial of instructions or the admission of his prior convictions," and that finding "precludes any conclusion that counsel's allegedly deficient performance with respect to these claims has resulted in . . . prejudice" under <u>Strickland</u>. <u>Dority</u>, Slip op. at 4-5. With respect to the claimed ineffectiveness in waiving Mr. Dority's right to testify, the OCCA found that the record showed that defense counsel had advised Mr. Dority of his right to testify, had consulted with him about the decision, and accurately stated Mr. Dority's decision in open court that he had decided not to testify. The court accordingly concluded that Mr. Dority had "not overcome the strong presumption that counsel rendered reasonably effective assistance." <u>Id.</u> at 5.

On this issue, the district court concluded that, with respect to the first two instances of claimed ineffectiveness, Mr. Dority "does not attempt to demonstrate that the OCCA's decision in this respect was contrary to or unreasonably applied the prevailing <u>Strickland</u> standard." Report at 10, 11-12. The court then concluded that Mr. Dority failed to meet that AEDPA standard for showing entitlement to habeas relief. Regarding the third claimed instance of ineffectiveness (defense counsel's waiver of Mr. Dority's right to testify in the first stage of the trial), the district court noted that the OCCA had made "presumptively correct" factual findings regarding trial counsel's conduct during

-8-

the first stage and that Mr. Dority had "not overcome the strong presumption that counsel rendered reasonably effective assistance." Report at 12. The court concluded that Mr. Dority had failed to provided "clear and convincing evidence to overcome" those presumptively correct factual findings, and that he had further failed to show that the OCCA's decision rejecting the ineffective assistance claims was contrary to or an unreasonable application of Strickland. Report at 12-13.

With regard to Mr. Dority's last claim (of cumulative error), the district court observed that our court has recently explained the cumulative error doctrine as meaning "that prejudice can be accumulated disjunctively – that all a defendant needs to show is a strong likelihood that the several errors in his case, considered additively, prejudiced him." Report at 13 (quoting Grant v. Trammell, 2013 WL 4105939, at *16 (10thCir. 2013)). We have also, previously, stated that,"[t]he crux [of cumulative error] review is whether the defendant's substantial rights were affected." Willingham v. Mullin, 296 F.3d 917, 935 (10th Cir. 2002) (internal quotations and citation omitted). The district court then concluded:

> In this case, the evidence of Petitioner's guilt was, if not overwhelming, substantial. Additionally, the state-law-based errors found by the OCCA—the trial court's erroneous reasoning for failing to give a requested jury instruction on a lesser-included misdemeanor offense to the Domestic Abuse by Strangulation offense and the potential error in admitting into evidence a fourth prior felony conviction that may have violated state law—were not significant. Under these circumstances, the errors recognized by the OCCA do not undermine the confidence of the Court in the result of

-9-

Petitioner's trial. Petitioner has not demonstrated that the OCCA's rejection of his claim of cumulative error was contrary to or an unreasonable application of controlling federal law.

Report at 14-15.

As indicated above, the district court's analysis under AEDPA is thorough and correct. We cannot improve on its discussion, other than to note that our doubly deferential review of claims of ineffective assistance of counsel makes it even more difficult for Mr. Dority to prevail in his request for a COA to enable habeas review of that claim. We accordingly deny Mr. Dority a COA for substantially the reasons stated by the district court in its Order and in the Report and Recommendation adopted by that Order.

## CONCLUSION

For the foregoing reasons we DENY Mr. Dority a COA and DISMISS this matter. We DENY his request for leave to appeal *in forma pauperis*.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-10-