FILED
United States Court of Appeals
Tenth Circuit

July 13, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT WILLIAMSON,

      Petitioner-Appellant,

v.

DAVID PARKER,

      Respondent-Appellee.

No. 16-6355
(D.C. No. 5:13-CV-00899-D)
(W.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Robert Williamson, proceeding *pro se*, seeks a certificate of appealability

(COA) in order to appeal the district court's dismissal with prejudice of his 28

U.S.C. § 2254 habeas petition. Because we conclude that Williamson has failed

to demonstrate entitlement to a COA, we deny his request and dismiss this matter.

I

In 2010, an Oklahoma jury convicted Williamson of three counts of lewd

molestation of his stepdaughter. In 2012, the Oklahoma Court of Criminal

Appeals (OCCA) denied him relief. Williamson then filed a petition for a writ of

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

habeas corpus in the district court pursuant to § 2254. Warden David Parker moved to dismiss for failure to exhaust one of the claims. Williamson subsequently filed an amended petition dropping the unexhausted claim, and Warden Parker filed an amended Response.

The magistrate judge assigned issued a Report and Recommendation (R&R) recommending denial of habeas relief. When Williamson failed to object to the R&R, the district court denied habeas relief and entered judgment against him. Williamson successfully moved to vacate the judgment, obtained leave to object to the R&R out of time, and then filed objections. The district court overruled the objections and denied the writ.

On December 7, 2016, Williamson filed a notice of appeal as well as a Motion for a COA with the district court, which was denied. Williamson filed an opening brief and combined COA application, alleging five grounds as the basis for relief: (1) the admission of propensity evidence that he engaged in lewd acts with his biological daughter; (2) the jury instruction concerning that propensity evidence; (3) the exclusion of expert testimony favorable to Williamson; (4) the cumulative effect of the state trial court's evidentiary rulings purportedly rendered the proceedings fundamentally unfair in violation of the Due Process Clause of the Fifth and 14th Amendments; and (5) sufficiency of the evidence.[2]

---

[2] When Williamson failed to pay the filing fee or submit a motion to proceed *in forma pauperis*, this court dismissed for lack of prosecution on

II

To obtain a COA, Williamson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a "showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." United States v. Taylor, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation mark omitted).

In addition, where, as here, the state court addressed the merits of a petitioner's claims, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard of review. We must incorporate its "deferential treatment of state court decisions" into our review of Williamson's request for a COA. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). AEDPA makes habeas relief available only if the state court decision was: (1) was contrary to clearly established federal law, as held by the U.S. Supreme Court; (2) involved an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court; or (3) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). We must presume the state court's factual determinations are

April 13, 2017. In May 2017, he paid the filing fee and filed a motion to reopen the appeal, which was granted.

3

correct, although the petitioner may rebut this presumption with clear and convincing evidence. § 2254(e)(1); Hooks v. Workman, 689 F.3d 1148, 1163 (10th Cir. 2012).

Finally, we will liberally construe Williamson's *pro se* filings. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

**1. Propensity evidence**

Section 2414 of Title 12 of Oklahoma's statutes permits the State to admit in child molestation cases evidence that the defendant had previously committed child molestation or engaged in lewd conduct with a child. OKLA. STAT. tit. 12, § 2414. Before admitting the evidence, the trial court must conduct a balancing test similar to the Federal Rule of Evidence 403 balancing test. Horn v. State, 2009 OK CR 7, ¶¶ 39–40, 204 P.3d 777, 786.

Under this state law provision, the state trial court allowed the prosecution to introduce evidence that Williamson gave his biological daughter an "open mouth" kiss, licked her face and neck, and bathed her well beyond an age at which she needed assistance, making her uncomfortable. ROA vol. 1 at 175, 592.

Williamson now argues: (1) admitting the propensity evidence absent the balancing test violated his federal due process rights; (2) admitting this propensity evidence was error under state law because the state trial judge failed to make the requisite threshold finding that the prior act constituted a crime; and (3) because not all elements of the factual threshold test were met (i.e., because the prior act

4

was not proved by a preponderance of the evidence to be a crime), admitting the evidence violated due process. Combined Br. at 10, 11, 17.

The record indicates that the state trial court did balance the evidence before admitting it. The State described the balancing test at length to the trial court. ROA vol. 1 at 477–82. The trial court said of the propensity evidence: "[C]learly it's probably more prejudicial in these circumstances because it's his biological daughter, but I think it's probative of the issues of whether there is a propensity." Id. at 482. The trial court only then admitted the evidence. Id. at 482–83. Because the state trial court performed the requisite balancing test, the proceeding did not violate Williamson's due process rights. United States v. Charley, 189 F.3d 1251, 1259 (10th Cir. 1999) (holding that the parallel Federal Rule of Evidence 414 is not facially unconstitutional because the trial court must conduct a Rule 403 balancing test first).

Because the second issue is a state law question, we cannot address it in this habeas action. "Federal habeas review is not available to correct state law evidentiary errors." Ochoa v. Workman, 669 F.3d 1130, 1144 (10th Cir. 2012).

The third issue raises a fundamental fairness argument. Although federal habeas relief does not extend to the remedying of state law evidentiary errors, an exception applies "when a state court admits evidence that is 'so unduly prejudicial that it renders the trial fundamentally unfair.'" Id. (quoting Payne v. Tennessee, 501 U.S. 808, 825 (1991)). The state law error must be "so grossly

5

prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002). However, we may disregard error unless it "had substantial and injurious effect or influence in determining the jury's verdict." Kotteakos v. United States, 328 U.S. 750, 776 (1946); see Brecht v. Abrahamson, 507 U.S. 619, 638 (1993); Lockett v. Trammel, 711 F.3d 1218, 1232 (10th Cir. 2013). "A substantial and injurious effect exists if a court finds itself in grave doubt about the effect of the error on the jury's [sentencing decision]." Lockett, 711 F.3d at 1232 (quotation omitted).

Even if admitting the propensity evidence in this case was error, it was harmless. The jury heard abundant evidence that Williamson had molested the victim in this case: the victim's mother heard him making suggestive comments in the bathroom while her daughter was sitting in the bathtub. ROA vol. 1 at 580. The child stated, without prompting, "He's been showing me his penis." Id. at 581. The child was able to describe various sexual behaviors in detail. Id. at 581–82. The girl's testimony was extensive and would have provided ample evidence from which the jury could convict Williamson.

We therefore deny a COA on this issue.


**2. Propensity evidence instruction**

Williamson raised this argument both before the OCCA and the federal

6

district court.  See id. at 171–72.

That a jury instruction "was allegedly incorrect under state law is not a basis for habeas relief."  Estelle v. McGuire, 502 U.S. 62, 71–72 (1991).  Rather, Williamson must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process," id. (quotation omitted) "or is otherwise constitutionally objectionable as, for example, by transgressing the constitutionally rooted presumption of innocence."  Dockins, 374 F.3d at 939.  We assess the instruction in light of all other jury instructions together with the trial record.  Estelle, 502 U.S. at 72.

We cannot address Williamson's argument that the jury instruction incorrectly stated Oklahoma law because it raises a state law challenge.  Combined Brief at 20–21.  Moreover, Williamson does not clearly argue that this error amounted to a due process or other constitutional violation.  We therefore decline to issue a COA as to this issue.

**3. Expert testimony**

Williamson argued to the district court that the state trial court's exclusion of expert testimony was part of his cumulative, fundamental unfairness argument.  ROA vol. 1 at 36, 42–43.  He now asserts that this exclusion, standing alone, violated his right to present a defense under the Due Process Clause of the Fifth and 14th Amendments or the Compulsory Process Clause of the Sixth Amendment.  See Combined Br. at 25.  Although we may decline to issue a COA

7

as to this issue because it was not raised before the district court, see United States v. Viera, 674 F.3d 1214, 1220 (10th Cir. 2012), we will construe his *pro se* brief liberally and address this reformulated claim.

To determine fundamental unfairness, we examine the record and ask if anything "suggested to the jury [that] it should decide the case on any basis other than the facts adduced at trial and the law as set out in the trial court's instructions." Ochoa v. Workman, 669 F.3d at 1145. Here, the facts adduced at trial were incredibly probative of Williamson's guilt. The district court "truth qualified" the victim before she testified to the incidents in question, ROA vol. 1 at 586, and when she testified, her testimony was powerful. The jury heard multiple times about the limitations of child victim testimony, including that it is common for child victims to elaborate upon information they previously disclosed and to disclose additional incidents over time. E.g., id. at 425, 585. And, as the R&R detailed at length, nontrivial evidence favoring the defense was admitted at trial: evidence that the child had been potentially exposed to adult videos, an alternative, potential source of her advanced knowledge of sexual behavior, id. at 464; and evidence of the victim's mother's ongoing sexual relationship with Williamson. Id. at 609–10. Given this evidentiary background, excluding parts of Dr. Kishur's testimony did not render Williamson's trial fundamentally unfair. We therefore decline to issue a COA on this issue.

**4. Fundamental unfairness**

8

Williamson next argues that the state trial court's state law evidentiary rulings, when viewed collectively, violated his due process rights. He asserts that the exclusion of the following evidence was problematic: (1) a song the victim sang called "Get a New Daddy;"[3] (2) the victim's mother's continued sexual relationship with Williamson after she allegedly stated that he scared her; (3) evidence that the victim had seen provocative videos; (4) evidence that the victim masturbated frequently; and (5) the propensity evidence concerning Williamson's biological daughter. He also asserts the admission of the following evidence was problematic: (6) victim hearsay statements; (7) evidence surrounding the incidents of sexual abuse of the victim (res gestae); (8) pornographic pictures on the Williamson family computer; and (9) a sex tape that Williamson and the victim's mother made.

The OCCA found only the exclusion of the "Get a New Daddy" song to be error. Id. 368. However, it held that it did not have "grave doubts" that the trial outcome would have been materially affected if the error had not occurred. Id. at 369. The federal district court found no error in any of the OCCA's evidentiary rulings. Id. at 697–99.

As discussed above, federal habeas relief may be granted as to a state law

---

[3] The federal district court explained: "'Get A New Daddy' is a song that, in satirical fashion, instructs children on how they can get rid of their father by accusing him of molestation and other lewd behavior." ROA vol. 1 at 697.

9

evidentiary errors if it is "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." Revilla, 283 F.3d at 1212. But federal habeas relief may not be granted if the error did not have "substantial and injurious effect or influence in determining the jury's verdict." Kotteakos, 328 U.S. at 776; see Brecht, 507 U.S. at 638; Lockett, 711 F.3d at 1232.

A number of these challenges are easily resolved. First, we have already addressed Williamson's challenge of the propensity evidence. Second, the OCCA never reached the allegedly erroneously admitted res gestae evidence because Williamson failed to specify what details he was contesting. ROA vol. 1 at 618. As he repeats that same omission on appeal, we decline to consider this argument. See Adler v. Wal-Mart Stores, 144 F.3d 664, 679 (10th Cir. 1998). Third, a number of Williamson's arguments mischaracterize the record. The Oklahoma district court *did* allow defense counsel to ask the victim's mother about her ongoing sexual relationship with Williamson, albeit before she testified that he frightened her. ROA Vol. 1 at 609. Moreover, the record indicates that defense counsel questioned her about the ongoing relationship despite her fears. Id. at 610. Additionally, the trial court did admit some evidence of the victim's sexual habits: one statement from Williamson about one instance in which she masturbated, and one statement from her mother about a single, similar instance. Id. at 612–13. The trial court did prevent Williamson's brother from testifying

10

regarding the same subject. Id. at 613. And the district court did *not* admit the contents of the sex tapes that Williamson and the victim's mother made. Id. at 620. Because the record contradicts Williamson's arguments as to these evidentiary rulings, we decline to rely on them as a basis for granting a COA.

With respect to the remaining evidentiary matters, we conclude that none of the rulings fatally infected the trial. Admitting the evidence that the victim had sung the phrase "Get a New Daddy" was not fundamentally unfair, even if it was error under state law, because there was no evidence that she knew the full lyrics. See id. at 608. The trial court did admit evidence that adult videos were accessible to the victim, although it excluded evidence that one such video was the video that Williamson and the victim's mother made. Id. at 612. Thus, the defense was able to present evidence that the victim's advanced understanding of sexual activities was not limited to her alleged contact with Williamson. Williamson also argues that the victim hearsay statements were unreliable and should not have been admitted. The state trial court held a hearing before admitting this sensitive evidence and made an express finding of the statements' reliability. Id. at 616–17. And defense counsel was able to cross examine all witnesses who presented such hearsay statements. Id. Finally, the admission of the pornographic images on Williamson's computer was legally relevant to the case, as the evidence also suggested that the victim had been exposed to porn. Id. at 618–19.

11

We conclude that none of the challenged evidentiary rulings rendered the proceedings fundamentally unfair and thus decline to issue a COA on this basis.

**5. Sufficiency of the evidence**

The constitutional right to sufficient evidence of guilt is clearly established by Supreme Court precedent. Jackson v. Virginia, 443 U.S. 307, 324 (1979) (modified by statute). When we review the sufficiency of the evidence in a habeas action, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

Williamson argues that the state failed to prove beyond a reasonable doubt all elements of Count One, lewd acts with a child. Specifically, he argues the State did not prove that he exposed himself for the purpose of receiving sexual gratification. OKLA. STAT. tit. 21, § 1123(5)(c) (listing this element).

The OCCA's analysis was conclusory but applied the correct standard. ROA vol. 1 at 370. The district court listed the significant evidence that the State offered at trial: "that Williamson licked the victim's vagina; masturbated before her to the point of ejaculation; placed her mouth on his penis; and made her touch his penis." Id. at 702. From these facts, a rational trier of fact could certainly have found that Williamson exposed himself to the victim for the purpose of receiving sexual gratification. Thus, the state court's adjudication of his claim was not contrary to, nor did it involve an unreasonable application of, clearly

12

established federal law as stated by the Supreme Court.

We thus deny a COA as to this issue.

III

Because Williamson has provided no viable basis for relief, and because reasonable jurists would not find the district court's denial of his claims debatable or wrong, we DENY his request for a COA and dismiss the matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge